ZENO B. BAUCUS
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:  (406) 657-6989
E-mail: zeno.baucus@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

JUN 09 2025

Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 25-    -BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| USMAN HANIF KHAN, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Zeno B. Baucus, Assistant United States Attorney for the District of Montana, and the defendant, Usman Hanif Khan, and his attorney, John Sullivan, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's

_AUSA_   _Def._   _Def. Att_   _Date_
_[initials]_   UK   _[initials]_   6/5/25

1

Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.  **Charges:** Defendant agrees to plead guilty to the count contained in the Information, charging Use of Facility in Interstate Commerce in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3). The maximum penalty is five years imprisonment, a $250,000 fine, and three years of supervised release. It also has $100 special assessment.

3.  **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case and will be governed by Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.  **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charges in the Information.

In pleading guilty, the defendant acknowledges that:

| AUSA | Def. | Def. Att | Date |
|------|------|----------|------|
| *[signed]* | UK | *[signed]* | 6/5/25 |

First, the defendant used a facility of interstate or foreign commerce, the internet and a cellphone, with the intent to promote, manage, establish, or carry on or facilitate the promotion, management, establishment, or carrying on of promotion of prostitution, in violations of the laws of the State of Montana or the United States; and

Second, after doing so the defendant performed or attempted to perform an act to promote, manage, establish and carry on or facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

5.  **Waiver of Rights by Plea:**

(a)  The defendant is entitled to have the charges outlined in the superseding information filed in this case prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)  The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)  The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e)  The defendant has the right to be represented by counsel and, if

| zbb | UK | 44 | 6/5/25 |
|---|---|---|---|
| AUSA | Def. | Def. Att | Date |

3

necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant

| AUSA | Def. | Def. Att | Date |
|---|---|---|---|

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

| AUSA | Def. | Def. Att | Date |
|---|---|---|---|
| zbb | UK | 77 | 6/5/25 |

5

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.     **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless he is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The defendant agrees to pay a fine of $100,000.00. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

7.     **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.     **Appeal Waiver: Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of

|  AUSA  |  Def.  |  Def. Att  |  Date  |
|--------|--------|------------|--------|
|  *abb* |  UK    |  *TT*      | 6/5/25 |

the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

9.   **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

_zbb_   _UK_   _/f_   _6/5/25_
AUSA   Def.   Def. Att   Date

**10.   Completion of Prosecution:** The United States agrees that if the defendant complies with his obligations under the plea agreement, it will not charge the defendant with any non-violent criminal offense in violation of federal law that was committed within the District of Montana prior to the execution of this agreement, and about which the United States Attorney's Offices executing this document were aware prior to such execution. However, the United States expressly reserves its right to prosecute the defendant for any crime of violence, as defined in 18 U.S.C. § 16.

**11.   Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these

| ZhB | UK | JH | 6/5/25 |
|---|---|---|---|
| AUSA | Def. | Def. Att | Date |

8

obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**12.     Agreement as to Restitution:** The defendant agrees to pay complete restitution to the victim. The amount of losses caused by the defendant's criminal conduct will be determined prior to sentencing hearing. The defendant agrees that this amount of restitution may be imposed in the judgment.

The defendant agrees this restitution includes all losses caused by the defendant's criminal conduct and relevant conduct, even if such losses resulted from counts dismissed, crimes not charged, or crimes not admitted by the defendant in the factual basis supporting his plea. 18 U.S.C. § 3663A(a)(3); 18 U.S.C. § 3663(a).

**13.     Agreement as to financial disclosures, forfeiture, and substitute assets.** The defendant agrees to the following:

(a)     The defendant agrees to truthfully complete the financial statement form provided by the United States Probation Office. The defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party, and disclosing any transfer of assets that has

| AUSA | Def. | Def. Att | Date |
|------|------|----------|------|
| zbb  | UK   |          | 6/5/25 |

9

taken place within three years preceding the entry of this plea agreement. The defendant agrees to update the U.S. Attorney's Office with any material changes in circumstances, within seven days of the event giving rise to the changed circumstances at any time following this agreement, prior to or following sentencing. The defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §3E1.1.

(b)  The defendant agrees that the U.S. Probation Office may release to the Financial Litigation Program of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

AUSA  Def.  Def. Att  Date

14. **Advance Payment on Judgment:** No later than ten days after the Court accepts the defendant's guilty plea, the defendant agrees to file a motion with the Court to deposit funds with the Clerk of Court prior to sentencing. No later than three days after the Court authorizes the Clerk to receive payments, the defendant will deliver a certified check or money order to the Clerk of Court in the amount of no less than $100,000.00, payable to the "Clerk, U.S. District Court" to be held until final judgment of the Court. Defendant understands and agrees that any prepayment does not reduce the total criminal monetary penalties to be ordered by the judgment. The United States will request in its sentencing memo that the Court apply any prepayment to the total criminal monetary penalties ordered.

15. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

16. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the

|  AUSA  |  Def.  |  Def. Att  |  Date  |
|--------|--------|------------|--------|
|  [sig] |  UK    |  [sig]     | 6/5/25 |

Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**17.    Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**18.    Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

| _zbb_ | _UK_ | _AA_ | _6/5/25_ |
|---|---|---|---|
| AUSA | Def. | Def. Att | Date |

KURT G. ALME
United States Attorney

_____
Zeno B. Baucus
Assistant U.S. Attorney

_____
Usman Hanif Khan
Defendant

_____
John Sullivan
Defense Counsel

| AUSA | Def. | Def. Att | Date |
|------|------|----------|------|
| ZM   | UK   | JS       | 6/5/25 |

13